Darbo TUNKARA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–76409.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 10, 2007.*

Filed Aug. 28, 2007.

Nicholas W. Marchi, Esq., Carney & Marchi, PS, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Keith Ian McManus, Esq., U.S. Department of Justice, Civil Division, John Shumann, U.S. Department of Justice, Tax Division, Washington, D.C., for Respondent.

Before: HALL, TASHIMA, and CALLAHAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

MEMORANDUM **

Darbo Tunkara petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture. Because the parties are familiar with the facts and proceedings below, we do not recite them here. We deny the petition.

■ While this court has recognized that inconsistencies due to poor application drafting should not be counted against an applicant's credibility, the IJ may discredit the applicant if "a dramatic, pivotal event [ ] had been omitted from his asylum applications." *Alvarez–Santos v. I.N.S.*, 332 F.3d 1245, 1254 (9th Cir.2003). Here, Tunkara omitted the murder of his sister and mother in his application, and neglected to mention that he himself was tortured by his captors. Further, Tunkara seems to argue that his family was targeted by both the government and the rebels. Because the identity of the perpetrator is clearly at the heart of any asylum request, the inconsistency here makes it impossible to discern Tunkara's claim. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004). In light of these inconsistencies and omissions, substantial evidence supported the IJ's adverse credibility determination.

■ Turning to the merits of the petition, we find that substantial evidence supported the IJ's conclusion that Tunkara has not demonstrated that he was the victim of past persecution. Tunkara argues that his father's affiliation with the Islam Mandiko party put him at odds with both the government and the rebel forces. Tunkara also stated that he was not an active member of this group, and he of-

fered no evidence to suggest that the government and rebel forces targeted him because of his father. Indeed, Tunkara's own application says he was seeking asylum to escape the war in Sierra Leone, not any specific political persecution. Substantial evidence therefore supported the IJ's decision finding that what happened to Tunkara was the result of the civil war in Sierra Leone and did not rise to the level of persecution. *See Ndom v. Ashcroft*, 384 F.3d 743, 752 (9th Cir.2004).

Tunkara's vague assertions that he would be subject to future persecution, or even killed, upon return to Sierra Leone are not persuasive in light of the country report in the record describing recent political developments there, including the end of the civil war. This substantial evidence in the record supports the IJ's determination that Tunkara cannot make out his claim that he would be harmed upon his return to that country.

Having failed to show a likelihood of future persecution for asylum purposes, Tunkara is not eligible for withholding of removal, with its more stringent standard. *See* 8 U.S.C. § 1253(h); *Al–Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir.2001). Similarly, Tunkara has not shown a likelihood that he would be tortured, as required to secure relief under the CAT. *See* 8 C.F.R. § 208.16(c)(2).

Accordingly, the petition is DENIED.

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.